UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL E. KOHN, )<br>)<br>Defendant. ) | Case No. 4:02-cr-00379-SEP |

## MEMORANDUM AND ORDER

Before the Court are Defendant Michael E. Kohn's Motion to Expunge Unconstitutional Conviction, Doc. [29], and the Government's Motion to Dismiss Defendant's Motion to Expunge, Doc. [36]. For the reasons set forth below, Kohn's motion will be dismissed for lack of jurisdiction, and the Government's motion will be denied as moot.

### BACKGROUND

On July 17, 2002, Kohn pled guilty in this Court[1] to corruptly endeavoring to obstruct and impede the due administration of the tax laws in violation of 26 U.S.C. § 7212(a). Docs. [7], [8], [25], [29-1]. On October 3, 2002, he was sentenced to a six-month term of imprisonment to be followed by one year of supervised release. Docs. [18], [25]. On April 21, 2022, he filed the instant motion seeking expungement of that conviction. Doc. [29].

Kohn claims his conviction under § 7212(a) is unconstitutional and invalid based upon the Supreme Court's decision in *Marinello v. United States*, 584 U.S. 1 (2018). Docs. [29] at 2-3, [37] at 3. Before *Marinello*, only three elements were required for a § 7212(a) offense: "(1) in any way corruptly (2) endeavoring (3) to obstruct or impede the due administration of the Internal Revenue Code." *United States v. Beckham*, 917 F.3d 1059, 1064 (8th Cir. 2019). In *Marinello*, the Supreme Court held that two additional elements are required: (1) "a 'nexus' between the defendant's conduct and a particular administrative proceeding, such as an investigation, an audit, or other targeted administrative action," and (2) that "the proceeding was pending at the time the defendant engaged in the obstructive conduct or, at the least, was then reasonably foreseeable by the defendant." *Marinello*, 584 U.S. at 13. Kohn argues that because

---

[1] The Honorable Stephen N. Limbaugh presiding.

those two elements were not present in his case, his conviction is "plainly unconstitutional." Doc. [29] at 2-3, 7. He also contends that his conviction "under a theory later held unconstitutional" triggers this Court's power to expunge his criminal record due to "extraordinary circumstances." *Id.* at 3, 6-7. Kohn insists that he is not seeking to have his conviction vacated, but instead seeks only expungement of the conviction. Doc. [37] at 8.

In response, the Government seeks dismissal of the motion as barred under the postconviction waiver in the parties' plea agreement. Doc. [36] at 2. The Government does not address the merits of Kohn's argument other than to state "the Court cannot entertain a freestanding 'Motion to Expunge,' as opposed to invalidating a conviction under one of the recognized vehicles for postconviction challenges, which may have the *effect* of expungement." *Id.* at 1 n. 1 (emphasis in original). The Government requests an opportunity to file a response on the merits in the event the Court finds the postconviction waiver unenforceable. *Id.* at 5.

## LEGAL STANDARD AND DISCUSSION

As a threshold matter, this Court must determine whether it has jurisdiction to consider Kohn's motion. *See U.S. v. Meyer,* 439 F.3d 855, 858 (8th Cir. 2006) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 95 (1998)). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).

The motion to expunge does not point to any statute providing the Court with jurisdiction to grant the requested relief. Instead, Kohn asks the Court to exercise its "ancillary jurisdiction to expunge criminal records in extraordinary cases." *Meyer*, 439 F.3d at 861-62. As a basis for that jurisdiction, Defendant points to *Geary v. United States*, 901 F.2d 679 (8th Cir. 1990), which he claims recognized a district court's authority to expunge federal criminal records in extreme cases, including "a conviction under a statute which is 'later held unconstitutional.'" Doc. [29] at 1. That argument suffers from several defects. First, Defendant fails to even acknowledge, much less address, *Geary*'s apparent abrogation by the Supreme Court's 1994 holding in *Kokkonen*. *See Meyer*, 439 F.3d at 859-60. Second, *Geary* noted that courts had allowed expungement of criminal records of "*arrests* under statutes later held unconstitutional"—not of

2

*convictions*, as Defendant claims. 901 F.2d at 679 (emphasis added). Third, for that proposition, *Geary* cited a single Western District of Michigan case from 1971 that allowed a court to order expungement of a defendant's arrest record on granting a motion to vacate his sentence under 28 U.S.C. § 2255. *See Kowall v. United States*, 53 F.R.D. 211 (W.D. Mich. 1971). *Geary* is thus a thin reed on which to rest this Court's putative jurisdiction to expunge the record of a defendant's conviction in response to a motion filed in his closed criminal case. The fact that Defendant identifies no case in which a Court has exercised its "ancillary jurisdiction" to grant anything like the relief he requests is telling.[2]

Kohn does point to *United States v. Meyer*, wherein the Eighth Circuit noted that "[a] district court *may* have ancillary jurisdiction to expunge criminal records in extraordinary cases to preserve its ability to function successfully by enabling it to correct an injustice caused by an illegal or invalid criminal proceeding." *Meyer,* 439 F.3d at 861-62 (emphasis added). But *Meyer* provides only weak support for Kohn's argument. To begin with, the cited portion of *Meyer* is dicta. Also, at most, *Meyer* notes the *possibility* of such jurisdiction—a possibility that, judging from the absence of citations in Defendant's motion, appears not to have materialized in any case in the Eighth Circuit in the ensuing 18 years. And even if the Court were to treat a possibility noted in dicta as authoritative, it would still have to find that this is an "extraordinary case" in which it is necessary to expunge a conviction "to preserve [the Court's] ability to function successfully" before it could assert jurisdiction under *Meyer*.[3] Defendant has not even

---

[2] Defendant does cite additional cases in support of this Court's supposed "inherent power to expunge records 'under statutes later held unconstitutional." Doc. [29] at 6-7. None of those cases is similar to this one, and none is from a court that has authority over this one. Defendant does not cite a single example from any jurisdiction of a federal court granting expungement of a conviction in circumstances anything like his own.

[3] In *United States v. Deer*, 249 F. Supp. 3d 876 (N.D. Ohio 2017), a case cited by Defendant, *see* Doc. [37] at 8, after finding that, under Sixth Circuit precedent, it did have jurisdiction to expunge "convictions under statutes later deemed unconstitutional," the Court noted that, "even in these cases, relief is not available unless 'the assertion of ancillary jurisdiction . . . enable[s] the court to manage its proceedings, vindicate its authority, and effectuate its decrees.'" *Id.* at 877 (citing *United States v. Field*, 756 F.3d 911, 916 (6th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Amer.*, 511 U.S. 375, 380 (1994))). And "with Deer's case in this court having concluded more than ten years ago, it is hard to see how exercising jurisdiction now would 'enable the court to manage its proceedings, vindicate its authority, and effectuate its decrees.' " *Id.*; *see also Field*, 756 F.3d at 916-17 (considering whether the exercise of ancillary jurisdiction to expunge an arrest record would serve any permissible purpose). Kohn would have to overcome the same obstacle in order to invoke this Court's jurisdiction under *Kokkonen* and *Meyer*, and he does not even attempt it.

argued that this is such a case. Thus, even if this Court were prepared to arrogate to itself broader jurisdiction than the Eighth Circuit has ever squarely granted it, Kohn would still have failed to show that the Court has such jurisdiction in *his* case.

The lack of precedent for Kohn's motion is likely attributable to the fact that he has chosen the wrong vehicle for the relief he seeks.  In the guise of an expungement motion, Defendant actually seeks a declaration that his conviction was constitutionally invalid.  But Congress has provided an avenue for challenging the validity of a conviction after the sentence has been served:  a writ of error *coram nobis* under the All Writs Act, 28 U.S.C. § 1651(a).  *See generally Baranski v. United States*, 880 F.3d 951, 954 (8th Cir. 2018) (citing *United States v. Morgan*, 346 U.S. 502, 506 (1954)).  An expungement motion is not a viable alternative to a writ of *coram nobis*—hence, Kohn's failure to identify a single instance of any federal court exercising its jurisdiction in the manner he proposes.  *See United States v. Crowell*, 374 F.3d 790 (9th Cir. 2004) ("In effect, Crowell seeks to add a motion for expungement of records to the list of post-conviction actions by which she may challenge her conviction . . . . Were we to hold that Crowell may challenge the lawfulness of her conviction through a motion for expungement, we would usurp Congress's power to control the terms on which petitioners may challenge their convictions.")

Because Kohn has not met his burden of establishing this Court's jurisdiction, his motion is dismissed.  *See Kokkonen*, 511 U.S. at 377.  The Government's motion to dismiss, which seeks dismissal of the expungement motion on other grounds, is denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Michael E. Kohn's Motion to Expunge Unconstitutional Conviction, Doc. [29], is **DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that the Government's Motion to Dismiss Defendant's Motion to Expunge, Doc. [36], is **DENIED as moot.**

Dated this 13th day of January, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE